Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| EMERALD TUCKER, Personal Representative of the Estate of Anthony Sanchez, | ) )<br>)<br>) |
| Plaintiff, | ) **COMPLAINT**   CV-20-94-GF-BMM-JTJ<br>)<br>) |
| vs. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>)<br>) |

Plaintiff alleges as follows:

1.      Plaintiff Emerald Tucker is an enrolled tribal member on the Fort Belknap

Indian Reservation, a citizen of the State of Montana, and a resident of

Blaine County, Montana. She is the Personal Representative of the Estate of

Anthony Sanchez, her deceased brother.

2.   This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq*., because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

3.   This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

4.   Emerald Tucker filed Federal Tort Claim Act claims on February 24, 2020, and the Department of Interior denied the claims on September 24, 2020, therefore Plaintiff's claims are now ripe for adjudication.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b) and LR 1.2 because the incidents giving rise to this lawsuit occurred in Blaine County, Montana.

6.   In or about May of 2019, Billy Running Fisher and an Eagle Child Services crew discovered Mr. Sanchez in an unconscious state at the Powwow Grounds on the Fort Belknap Indian Reservation.

7.   Mr. Running Fisher and the crew discovered a hypodermic needle broken off in Mr. Sanchez's back.

8.    Mr. Running Fisher and the crew took Mr. Sanchez to the Indian Health

Services emergency department, where the needle was removed and Mr.

Sanchez was revived.

9.    It was obvious to Mr. Running Fisher that Mr. Sanchez had been assaulted.

10.    On or about May 29, 2019, Mr. Sanchez was assaulted and beaten by Lex

Helgeson, a BIA police officer on the Fort Belknap Indian Reservation.

11.     Officer Helgeson was on duty and in full uniform while assaulting Mr.

Sanchez.

12.    On information and belief, while assaulting Mr. Sanchez, Officer Helgeson

informed Mr. Sanchez that the reason he was assaulting Mr. Sanchez was

because Officer Helgeson believed Mr. Sanchez had communicated with a

particular female and that Officer Helgeson did not want Mr. Sanchez to

communicate with this particular female.

13.    On information and belief, after the assault, Officer Helgeson placed Mr.

Sanchez – who was in a semi-conscious state – in the back of Officer

Helgeson's law enforcement truck and dumped Mr. Sanchez in the Milk

River at the border of the Indian Reservation.

14.    Mr. Sanchez eventually regained consciousness and stumbled up from the

riverbank, described what had happened to him to another individual, and walked to his place of residence on the reservation.

15.  After he reached his residence, Anthony Sanchez hung himself and died.

16.  This suit seeks money damages as compensation for the injuries and damages incurred by Anthony Sanchez that were caused by the negligent and wrongful acts and omissions of Defendant's agents, employees of the United States Government acting under color of law within the scope of their office and employment, under circumstances where the United States, if a private person, would be liable to Mr. Sanchez in accordance with the laws of the State of Montana.

17.  The United State is liable for the actions and conduct of its agents as alleged in this Complaint, as they were acting within the course and scope of their employment as officers for the Bureau of Indian Affairs.

18.  While acting under the color of state law, agents of Defendant subjected Mr. Sanchez to deprivation of rights, privileges, or immunities secured by the United States Constitution, namely that Defendant's agents assaulted Mr. Sanchez and deprived him of his due process under law in violation of the Fourth and Fourteenth Amendments.

19. Defendant's agents acted with deliberate indifference to the substantial risk of serious harm to Mr. Sanchez.

20. Defendant's agents' conduct shocks the conscience and offends the community's sense of fair play and decency, and resulted in harm to Mr. Sanchez.

21. At all times pertinent, Defendant was subject to a duty of care under law to protect Mr. Sanchez's constitutional, statutory, and common law rights.

22. Defendant's agents breached the applicable standards of care, including negligent violation of Mr. Sanchez's constitutional, statutory, and common law rights, and negligent performance of official duties.

23. Defendant's agents' conduct caused damage to Mr. Sanchez.


**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1. For judgment in such amounts as shall be proven at the time of trial.

2. For an award of attorney's fees and costs as provided by any applicable provision of law.

3. For such other and further relief as the Court deems just and equitable.

1    DATED this 12th day of October, 2020.

2                                          /s/ Timothy M. Bechtold

3                                          BECHTOLD LAW FIRM, PLLC

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28