**MARK STEGER SMITH**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

**RANDY J. TANNER**
Assistant U.S. Attorney
201 E. Broadway Rm. 370
Missoula, MT 59802
P.O. Box 8537
Missoula, MT 59807
Phone: not yet established (cell phone: (406) 547-4444)
Fax: (406) 542-7272
Email: randy.tanner@usdoj.gov
**ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **EMERALD TUCKER, Personal Representative of the Estate of ANTHONY SANCHEZ,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | CV 20-94-GF-BMM<br><br>ANSWER |

S:\civil\2020v00238\Answer.docx

1

The United States, by and through its counsel of record, provides its answer to the Complaint as set forth below.

1. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2. The allegations contained in paragraph 2 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary. To the extent a response is deemed necessary, Defendant denies the same.

3. In response to the allegations contained in paragraph 3 of the Complaint, Defendant avers that 28 U.S.C. § 1346(b) provides United States Federal District Courts with exclusive jurisdiction "of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

4.     In response to the allegations contained in paragraph 4 of the Complaint, Defendant avers that Plaintiff's SF95 submission letter is dated February 24, 2020. The United States further avers that the Department of the Interior received the administrative submission on or about March 16, 2020. The United States admits that it issued a denial letter to Plaintiff on September 24, 2020. The remaining allegations contained in paragraph 4 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.

5.     The allegations contained in paragraph 5 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary. To the extent a response is deemed necessary, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies the same.

6.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 6 through 15 of the Complaint, and therefore denies the same.

7.     The allegations contained in paragraphs 16 through 23 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.

8.      The remaining paragraphs 1-3 consist of Plaintiff's prayer for relief; therefore, no response is necessary.   To the extent a response is deemed necessary, Defendant denies the same.

9.      Defendant denies any and all allegations in Plaintiff's Complaint that are not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendant denies all allegations of the Complaint, including prayers for relief, not expressly admitted in the Answer.   The following defenses are applicable, where appropriate, to Plaintiffs' claims for relief.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the action.

### SECOND AFFIRMITIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMITIVE DEFENSE

Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

### FOURTH AFFIRMITIVE DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the Plaintiff.

S:\civil\2020v00238\Answer.docx

FIFTH AFFIRMITIVE DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the negligence of the plaintiff was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

SIXTH AFFIRMITIVE DEFENSE

Plaintiff is not entitled to a jury trial. Any action against the United States pursuant to 28 U.S.C. § 1346 shall be tried by the court without a jury.

SEVENTH AFFIRMITIVE DEFENSE

Plaintiff's injuries, damages, and losses, if any, were not proximately caused by the negligence or negligence per se of any employee of the United States acting within the scope and course of his or her employment.

EIGHTH AFFIRMITIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

NINTH AFFIRMITIVE DEFENSE

Plaintiff's recovery, if any, is limited to the amount sought by him administratively.   28 U.S.C. § 2675(b).

## TENTH AFFIRMITIVE DEFENSE

Plaintiff's injuries, damages, and losses, if any, were solely and proximately caused by his own negligence, carelessness, or recklessness.

## ELEVENTH AFFIRMITIVE DEFENSE

Plaintiffs' recovery, if any, may be diminished or barred by the comparative fault of Plaintiff and/or the fault of other defendants or of non-parties.

## TWELTH AFFIRMITIVE DEFENSE

Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees.

## THIRTEENTH AFFIRMITIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is prohibited from recovering any amount of pre-judgment interest or punitive damages against Defendant.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, United States of America prays that Plaintiffs' Complaint be dismissed with prejudice or, in the alternative, judgment be entered for the United States, that Plaintiff be denied any and all relief, that the United States be awarded its costs incurred in defending this action, and that the United States be granted such other further relief as the Court deems appropriate.

S:\civil\2020v00238\Answer.docx

**DATED** this 10th day of December, 2020.

          LEIF M. JOHNSON
          Acting United States Attorney


          /s/ Mark Steger Smith
          Mark Steger Smith
          Randy J. Tanner
          Assistant U.S. Attorneys
          Attorneys for Defendant