MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

RANDY J. TANNER
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 329-4268
FAX: (406) 542-1476
Email: randy.tanner@usdoj.gov
ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| EMERALD TUCKER, Personal Representative of the Estate of ANTHONY SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV 20-94-GF-BMM<br><br>BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR PROTECTIVE ORDER |

1

The United States moves for a protective order that would allow it to obtain and produce non-privileged information from the law enforcement investigative file, any internal affairs investigative file, and personnel file of tribal officer Lex Helgeson, as related to the apparent suicide of Anthony Sanchez. Plaintiff Emerald Tucker, Personal Representative of the Estate of Anthony Sanchez, has requested these documents in discovery.

As discussed below, the documents requested are protected from disclosure by the Privacy Act, 5 U.S.C. § 552a. Nevertheless, the United States is under a duty to produce "any nonprivileged matter that is relevant to the party's claim or defense." Fed. R. Civ. P. 26(b)(1). Therefore, the United States requests access to the law enforcement investigative file, any internal affairs investigative file, and personnel file of tribal officer Lex Helgeson, as related to the apparent suicide of Anthony Sanchez, and the authority to produce any non-privileged, relevant documents and information.

The United States moves under Fed. R. Civ. P. 26(c)(1)(B), which provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (B) specifying terms, including time and place . . . for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(B). The party seeking the protective order has the burden of showing that good cause exists for such an order. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

Although, historically, courts have recognized a general public right of access to judicial records, that access is not absolute. In this case, the information subject to the proposed protective order is protected from disclosure under the Privacy Act. 5 U.S.C. § 552a. The Privacy Act prohibits the release of information kept by the United States in a system of records relating to the names of individuals. 5 U.S.C. § 552a(b). This would include the investigative file for Anthony Sanchez's death and may further include investigative or internal affairs files related to tribal officer Lex Helgeson. Such files may contain interviews and information from third parties not involved in this suit, as well as information of a sensitive nature regarding the allegations.

The Privacy Act further provides for civil and criminal penalties for the unauthorized disclosure of information protected by the Privacy Act. 5 U.S.C. § 552a(g)(1) & (i)(1). Nevertheless, information protected by the Privacy Act may be disclosed pursuant to the order of a court of competent jurisdiction. 5 U.S.C. § 552a(b)(11). When information held by the United States is protected by the Privacy Act, a court should consider an appropriate protective order. *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987).

The requested protective order, as outlined in the accompanying Stipulation for Protective Order, seeks to balance the privacy concerns involved in this case, with the right of the parties to this action to obtain all non-privileged documents and information which may be relevant to their claims or defenses. The Proposed

Protective Order applies only to discovery obligations and case preparation and provides that all documents produced by the United States encompassed within the order will not be disclosed outside the confines of the case. It further ensures the documents will not be disseminated after the conclusion of the case by providing that the documents will be destroyed or returned to the United States upon completion of the case.

Tucker does not object to this motion and has executed a stipulation as to its terms.

**DATED** this 27th day of January 2021.

LEIF M. JOHNSON
Acting United States Attorney

/s/ Randy J. Tanner
Assistant U.S. Attorney
Attorney for Defendant

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 588 words, excluding the caption and certificates of service and compliance.

/s/ Randy J. Tanner
Assistant U.S. Attorney
Attorney for Defendant
